LAW OFFICES OF JOSEPH M. HEPPT
260 Madison Avenue
New York, New York 10016
(212) 973-0839

UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AJA CONSULTING GROUP, LLC and HOUSING REHABILITATION ASSISTANCE, LLC, | **CV 12 - 1283** |
| Plaintiff, | Case No. 2012 CV _____ ( ) |
| vs. | **SUMMONS ISSUED** |
| MICHAEL BABAEV, JONATHAN YUNATANOV, HOMEOWNERS CONSULTING GROUP, INC. and NEIGHBORHOOD REHABILITATION PROGRAM, | VERIFIED COMPLAINT |
| Defendants. | MAUSKOPF, J. GOLD, M.J. |

**VERIFIED COMPLAINT**

Plaintiffs, AJA Consulting Group, LLC and Housing Rehabilitation Assistance, LLC, by their attorneys the Law Offices of Joseph M Heppt, hereby allege as follows:

**NATURE OF ACTION**

1.      This action is for copyright infringement in violation of 17 U.S.C. § 501 *et seq.*; for trade dress infringement and unfair competition; for misappropriation of trade secrets; for breach of fiduciary duty; and for related claims for common law copyright infringement and unfair competition, injury to business reputation, and deceptive trade practices under New York law.

**THE PARTIES**

2.      Plaintiff, AJA Consulting Group, LLC is a limited liability company organized under the laws of the State of New York, with its principal place of business located at 15-06 129th Street, College Point, NY 11356.

3. Plaintiff, Housing Rehabilitation Assistance, LLC ("Housing Rehabilitation") is a limited liability company organized under the laws of the State of New York, with its principal place of business located at 150 Motor Parkway, Suite 401, Hauppauge, NY 11788. Housing Rehabilitation is a wholly owned subsidiary of AJA Consulting Group, LLC.

4. Upon information and belief, Defendant Homeowners Consulting Group, Inc. ("HCG") is a corporation formed and existing under the laws of New York with a principal place of business located at 75 Cedar Drive, Great Neck, New York 11021.

5. Upon information and belief, Defendant Neighborhood Rehabilitation Program ("Neighborhood Rehabilitation"), is a wholly owned subsidiary of HCG.

6. Upon information and belief, Defendant Michael Babaev is an individual residing at 95 Wall St. Apt. 1116, New York, NY.

7. Upon information and belief, Defendant Jonathon Yunatanov is an individual residing at 75 Cedar Dr., Great Neck, New York 11021.

## Background Facts

8. This is an action that arises out of wrongful actions initiated by Babaev and Yunatanov during the course of their employment with Housing Rehabilitation, and continuing afterwards to the present day.

9. Housing Rehabilitation was formed by AJA Consulting Group, LLC in April 2008 and provides consulting services in the home improvement and related financing industry to the present day.

10. As part of its business, Housing Rehabilitation owns and operates a web site, with an internet address at www.hraprogram.com.com (the "Housing Rehabilitation Website"). The Housing Rehabilitation Website offers users free information on home improvement services and financing options. The Housing Rehabilitation Website is both fact-intensive and text-intensive in that it allows users, among other things, to educate themselves regarding what a home improvement project entails, how to plan for it, how to choose a contractor, their rights and responsibilities as clients, and also to enter the unique parameters of their own specific project;

-2-

and be matched with a contractor that would, based on the Housing Rehabilitation Website's database and technical back-end capabilities, best serve their needs.

11.     Creating the contents of the Housing Rehabilitation Website took extensive research, a great deal of labor, and a large capital investment on the part of AJA Consulting Group, LLC and Housing Rehabilitation. All of the intellectual property rights associated with the Housing Rehabilitation Website, as well as the website's contents, texts, display, and other materials, are proprietary and are owned outright by Housing Rehabilitation.

12.     As set forth within this complaint, Babaev was hired by Housing Rehabilitation in December 2009, as an employee at will, for the position of Field Representative.

13.     During and after the course of his employment at Housing Rehabilitation, in August 2011 Babaev was caught acting in a disloyal manner in his employment, was confronted and admitted his malfeasance in that he admitted he had been setting up a competing business while employed by Housing Rehabilitation as early as April 2011.

14.     As set forth within this complaint, Yunatanov was hired by Housing Rehabilitation in April 2010, as an employee at will, for the position of field representative.

15.     During and after the course of his employment at Housing Rehabilitation, in August 2011 Yunatanov was caught acting in a disloyal manner in his employment, also was confronted and admitted his malfeasance in that he admitted he had been setting up a competing business while employed by Housing Rehabilitation as early as April 2011.

16.     Due to the conduct set forth above, Babaev and Yunatanov's employment with Housing Rehabilitation was terminated on August 15, 2011.

17.     Upon information and belief, a mere eight days after the termination of their employment at Housing Rehabilitation, Babaev and Yunatanov registered the domain name www.nprnow.org and two days after that organized a New York corporation, Defendant HCG. Upon information and belief, their purpose was to compete directly with Housing Rehabilitation *via* HCG's wholly owned subsidiary Neighborhood Rehabilitation.

-3-

18.     Upon information and belief, Babaev and Yunatanov deliberately chose a name for their new company, Neighborhood Rehabilitation, that was confusingly similar to the name of plaintiff Housing Rehabilitation.

19.     Neighborhood Rehabilitation operates a website www.nrpnow.org (the "Neighborhood Rehabilitation Website"). The Neighborhood Rehabilitation Website is a knock-off of the Housing Rehabilitation Website. The Neighborhood Rehabilitation website is organized in essentially the same manner, it has the same "look-and-feel" and materials from the Housing Rehabilitation Website are copied from, and reproduced wholesale, on the Neighborhood Rehabilitation Website.

20.     Upon information and belief, Babaev and Yunatanov made use of their position at Housing Rehabilitation to usurp, steal or otherwise claim as their own, or Neighborhood Rehabilitation's own, Housing Rehabilitation's proprietary information, including but not limited to trade secrets, and intellectual property belonging to Housing Rehabilitation, including but not limited to copyrighted material on the Housing Rehabilitation.

**AS AND FOR THE FIRST CAUSE OF ACTION**
(Against HCG, Neighborhood Rehabilitation, Babaev and Yunatanov for Copyright Infringement)

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this complaint with the same force and effect as if set forth at length herein.

22.     Beginning in or around December 2008, Housing Rehabilitation created and published the Housing Rehabilitation Website, which contained information about, and various links to, service providers within the home improvement industry. The Housing Rehabilitation Website was published on the Internet with copyright notices in the name of Housing Rehabilitation. In further compliance with the copyright laws of the United States, the Plaintiffs have submitted an application for registration of the Housing Rehabilitation Website and materials thereon to the United States Copyright Office, have deposited true and correct copies of the Housing Rehabilitation Website and the materials thereon with the United States

-4-

Copyright Office as part of that application process, and have paid the requisite application fee. A copy of the acknowledgement received from the United States Copyright Office is attached to the Zikry Affidavit as Exhibit B. That application is currently pending.

23.    AJA  Consulting Group LLC owns and is sole proprietor of Housing Rehabilitation.

24.    Housing Rehabilitation has always been the sole owner and proprietor of all right, title and interest in the copyright in the Housing Rehabilitation Website. The copyright in the Housing Rehabilitation Website is presently valid and subsisting and was valid and subsisting at all times affecting the matters complained of herein.

25.    Upon information and belief, commencing sometime during 2011 and continuing up to the present time, Defendants have continually infringed upon copyrighted materials appearing on the Housing Rehabilitation Website through the publication of such copyrighted text, contents, display and other materials on the Neighborhood  Rehabilitation website. Defendants have made such publication without any authorization or license from Housing Rehabilitation, instead passing of the materials appearing on the Neighborhood  Rehabilitation website as their own. Defendants have also committed copyright infringement by copying the total look and feel of the Housing Rehabilitation Website.

26.    More specifically, there are at least five  text-intensive documents on the Neighborhood  Rehabilitation website, copying and/or misappropriating text, contents, display and other materials from the Housing Rehabilitation Website.

27.    At this time, Plaintiffs are not aware of other infringing acts of Defendants, which may come to light at a future date.

28.    Defendants have willfully infringed, for-profit, Housing Rehabilitation copyrighted text, contents, display and other materials by passing off such copyrighted text, contents, display, total concept and feel, and other materials as their own on the Neighborhood Rehabilitation website, well knowing that such materials were copied from, and were more than substantially similar to, copyrighted text, contents, display, total concept and feel and of the

-5-

materials appearing on the Housing Rehabilitation Website, in which Housing Rehabilitation has had an existing copyright.

29.     Defendants acted maliciously and willfully, entitling Housing Rehabilitation to punitive damages.

30.     It is difficult at this time to ascertain the exact amount of damages suffered by Housing Rehabilitation by the infringement of the copyright materials on the Housing Rehabilitation Website and it is likewise difficult for Housing Rehabilitation to ascertain at this time the profits which Defendants have made or realized by reason of the infringements. In accordance with 17 USC § 504, Plaintiffs will advise the court in due course in this proceeding and before final judgment as to whether it elects to recover actual damages and profits were the statutory damages provided by the copyright act. Plaintiffs nonetheless demand an accounting by Defendants of their activities in connection with their infringement of the copyright in text, contents, display and other materials appearing on the Housing Rehabilitation Website, and Defendants' gross income and profits derived therefrom.

31.     By reason of the foregoing, Plaintiffs are entitled to judgment (a) in an amount to be determined at trial, as per Plaintiffs' selection of either the statutory or actual damages, plus punitive damages in an amount to be determined at trial but not less than $500,000, together with statutory interesting costs and disbursements of this action; (b) directing that Defendants be preliminarily and permanently enjoined from further infringing upon Housing Rehabilitation's copyright; and (c) an accounting by Defendants of their activities in connection with their infringement of the copyright in text, contents, display and other materials appearing on the Housing Rehabilitation Website, and Defendants' gross income and profits derived therefrom.

## AS AND FOR A SECOND CAUSE OF ACTION
(Against HCG, Neighborhood Rehabilitation, Babaev, Yunatanov for Trade Dress Infringement)

32.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 31 of this complaint with the same force and effect as if set forth fully at length herein.

33.     The design, layout, background, framework, and format of the Housing Rehabilitation Website have combined to form an inherently distinctive and nonfunctional trade dress.

34.     Defendants have infringed upon the trade dress of the Housing Rehabilitation Website by misappropriating the design, layout, background, framework and format of the Housing Rehabilitation Website and presenting it as Defendants' own on the Neighborhood Rehabilitation website.

35.     The Defendants' willful and knowing infringement of the Housing Rehabilitation Website' s trade dress has caused, or is likely to cause, confusion, mistake or deceit as to the affiliation, connection, or association of the Neighborhood  Rehabilitation website with the Housing Rehabilitation Website. Additionally, such duplication has caused, or is likely to cause, confusion, mistake and/or deceit as to the origin, sponsorship, and/or Housing Rehabilitation's approval of Defendants' goods, services, and/or commercial activities.

36.     Defendants' conduct is causing immediate and irreparable injury to Housing Rehabilitation and will continue to both damage Housing Rehabilitation and deceive the public until enjoined by this Court.

37.     Upon information and belief, Defendants have received substantial revenues or profits arising out of the aforesaid conduct, and Housing Rehabilitation has also suffered damages as a result of Defendants aforesaid conduct in an amount to be determined at trial, but no less than $1 million.

38.     Defendants acted maliciously and willfully, entitling Housing Rehabilitation to punitive damages.

39.     By reason of the foregoing, Plaintiffs are entitled to judgment (a) in an amount to be determined at trial but not less than $1 million, plus punitive damages in an amount to be determined at trial but not less than $500,000, together with statutory interest, costs and disbursements of this action; (b) directing that Defendants be preliminarily and permanently enjoined from further infringing upon the trade dress of the Housing Rehabilitation Website; and

(c) an accounting by Defendants of their activities in connection with their infringement of the trade dress of the Housing Rehabilitation Website, and Defendants' gross income and profits derived therefrom.

## AS AND FOR A THIRD CAUSE OF ACTION
(Against HCG, Neighborhood Rehabilitation, Babaev and Yunatanov for Misappropriation of Housing Rehabilitation Trade Secrets)

40.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 of this complaint with the same force and effect as if set forth fully at length herein.

41.     As described above, Housing Rehabilitation is in the business of, among other things, providing information relating to home improvement and financing.

42.     Over the years, Housing Rehabilitation has developed a unique methodology to develop a wealth of information with respect to the areas of home improvement in the New York metropolitan area. As a result of its activities, Housing Rehabilitation has built up a unique and valuable database, has acquired and developed additional proprietary information, all in the highly competitive industry of home improvement.

43.     As a result of many years of substantial effort and the expenditures of large sums of money in the creation and development of proprietary information and the aforementioned database, Housing Rehabilitation has attained a reputable position of importance in the home improvement and related finance industry.

44.     The proprietary information (the "Housing Rehabilitation Trade Secrets") that Housing Rehabilitation has developed over the years includes, without limitation, promotional materials, market research, website design, website performance monitoring, surveys, future business plans, and other such information.

45.     The Housing Rehabilitation Trade Secrets are not available to, and actively kept protected from, persons outside Housing Rehabilitation's employ.

46.     Housing Rehabilitation has taken numerous measures to preserve the secrecy of the Housing Rehabilitation Trade Secrets. Accordingly, the Housing Rehabilitation Trade Secrets

-8-

are not accessible to outsiders and constitute confidential, proprietary information and trade secrets.

47.     As explained above, Babaev was hired as a Field Representative by Housing Rehabilitation in December 2009 and his employment was terminated on August 15, 2011.

48.     As explained above, Yunatanov was hired as a Field Representative by Housing Rehabilitation in April 2010 and his employment was terminated on August 15, 2011.

49.     As Housing Rehabilitation employees, both Babaev and Yunatanov were aware of, or should have been aware of, Housing Rehabilitation's policies prohibiting disclosure or other use of any of the Housing Rehabilitation Trade Secrets upon their termination or resignation from Housing Rehabilitation.

50.     Both Babaev and Yunatanov, through training provided by Housing Rehabilitation and as part of their day-to-day duties as Field Representatives, had access to and used Housing Rehabilitation Trade Secrets.

51.     Upon information and belief, during the course of their employment at Housing Rehabilitation, Babaev and Yunatanov wrongfully and surreptitiously accumulated, collected and copied the Housing Rehabilitation Trade Secrets in a manner unknown to Plaintiffs at the time.

52.     A mere eight days after their termination from Housing Rehabilitation, Babaev and Yunatanov registered the domain name www.nrpnow.org and two days after that formed the Defendant HCG. Using this entity and domain name, they immediately engaged in the identical business as Housing Rehabilitation.

53.     Upon information and belief, in breach of applicable duties as a former employee and in breach of their duty of loyalty as employees, Babaev, Yunatanov and Neighborhood Rehabilitation have used and are currently using the Housing Rehabilitation Trade Secrets.

54.     In August 2011, while still employed by Housing Rehabilitation, both Babaev and Yunatanov admitted to Avi Zikry that they had been setting up their competing business as early as April 2011. This led to the termination of their employment on August 15, 2011.

-9-

55.     On September 29, 2011, Defendant Yunatanov posted a message to Odelia

Hasbani-Zikry, Avi Zikry's siser, on Facebook in which he acknowledged his wrongdoing:

> ... Let me start off by saying that i am so sorry for how my recent
> choices must have impacted you. ...
>
> I am aware that I made a very serious mistake in my desire to
> create a new company and it has been pretty crazy for me realizing
> how badly I affected you all in that choice. ...
>
> I realize now that I made some choices out of fear that lacked
> integrity and I now understand how my choices didn't value some
> people I really care about. You def didn't deserve it... but i believe
> that even our mistakes can be a great way to learn. And i have
> certainly learned that I never want to make this kind of choice
> again. I can only say that in hurting you all, I have also hurt myself
> and I am very remorseful.

A copy of this message is attached to the Zikry Aff. as Exhibit D.

56.     Defendant Yunatanov repeated his admission in an e-mail sent directly to Avi

Zikry on October 7, 2011 in which he stated in part:

> I have waited to write you, as I have wanted to give you some time
> to deal with everything that happened. However, as we reach yom
> kippur, I wanted to do everything I can to reach out to apologize,
> with hopes that we will be able to work this out over time.
>
> I am so clear that I made a huge mistake. ...
>
> Unfortunately my ambition led to some regretful choices. I hope
> you know from all our years together that I did not make these
> choices to be malicious or hurtful towards you. I was focused on
> trying to create some of my own success... and then it was only
> when you found out that I realized the depth of the impact I had on
> u. I am sad to say that I lied to myself and did not foresee how my
> actions might affect those around me. Selfish and blind. And now
> we are both having to live with the consequences.
>
> I hope you know that I am so sorry... i have been thinking of ways
> to compensate for my choices. And I would be happy to talk with
> you about that, if we can come up with something that would help
> in some way. One way or another, I am going to take this as one of

the hardest lessons I have ever had to learn and make sure not to
make this kind of mistake again.

A copy of this email is attached to the Zikry Aff. as Exhibit E.

57.     Plaintiffs have been damaged and injured in their business by Defendants
misappropriation of the Housing Rehabilitation Trade Secrets in an amount to be determined at
trial, but no less than $1 million. Furthermore, Plaintiffs continue to be irreparably harmed in
their business by Defendants' continuing misappropriation of the Housing Rehabilitation Trade
Secrets.

58.     Defendants have acted maliciously and willfully, entitling Plaintiffs to punitive
damages.

59.     By reason of the foregoing, Plaintiffs are entitled to judgment (a) in an amount to
be determined at trial, but not less than $1 million, plus punitive damages in an amount to be
determined at trial but not less than $500,000, together with statutory interest and costs and
disbursements of this action; and (b) directing that Defendants be preliminarily and permanently
enjoined from making such further improper use of the Housing Rehabilitation Trade Secrets.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Against HCG, Neighborhood Rehabilitation, Babaev and Yunatanov For Violations of New
York General Business Law Section 349)

60.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1
through 59 of this complaint with the same force and effect as if set forth fully at length herein.

61.     Defendants' acts of which Plaintiffs complain herein constitute deceptive acts and
practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the
state of New York.

62.     Plaintiffs have been injured by reason of such deceptive acts or practices.

63.     Defendants' aforesaid violations of NY GBL § 349 have caused Plaintiffs to
sustain monetary damage, loss, and injury, and an amount to be determined at trial, but not less
than $1 million each.

64.     Upon information and belief, Defendants have engaged in this activity knowingly and willfully, justifying assessment to punitive damages in an amount to be determined at trial.

65.     Defendants' aforesaid violations of NY GBL § 349, unless enjoined by this Court, will cause Plaintiffs to continue sustaining damages.

66.     By reason of the foregoing, Plaintiffs are entitled to judgment (a) in an amount to be determined at trial, but not less than $1 million each, plus punitive damages in an amount to be determined at trial but not less than $500,000 each, together with statutory interest and costs and disbursements of this action; (b) directing that Defendants be preliminarily and permanently enjoined from further wrongful acts and practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the state of New York, relating to Plaintiffs' business.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Against Babaev and Yunatanov For Breaches of Fiduciary Duties)

67.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 66 of this complaint with the same force and effect as if set forth fully at length herein.

68.     Babaev's duties and responsibilities during the course of his employment with Housing Rehabilitation included, among other things, interacting with potential customers of Housing Rehabilitation as a Field Representative and representing Housing Rehabilitation's interests loyally and faithfully.

69.     Yunatanov's duties and responsibilities during the course of this and pointed with Housing Rehabilitation included, among other things, interacting with potential customers of Housing Rehabilitation as a Field Representative and representing Housing Rehabilitation's interests loyally and faithfully.

70.     By virtue of Babaev's and Yunatanov's employment with Housing Rehabilitation, Housing Rehabilitation was entitled to place reliance and trust upon the integrity, competence, honesty, and fidelity of Babaev and Yunatanov in respect to their duties which they owed Housing Rehabilitation.

-12-

71. Furthermore, by virtue of their employment with Housing Rehabilitation, Babaev and Yunatanov undertook the fiduciary duty of loyalty, which includes the duty of nondisclosure.

72. Both Babaev and Yunatanov violated the trust placed in them and the fiduciary duties they owed to Housing Rehabilitation by disclosing and otherwise misusing and misappropriating Housing Rehabilitation Trade Secrets, and by making improper use of their time while employed by Housing Rehabilitation to plan a competing venture.

73. As a result of Babaev's and Yunatanov's breach of fiduciary duties, Plaintiffs have been damaged in an amount to be determined at trial but not less than $1 million each.

74. Babaev and Yunatanov acted maliciously and willfully, entitling Plaintiffs to punitive damages.

75. By reason of the foregoing, Plaintiffs are entitled to judgment in an amount to be determined at trial, but not less than $1 million each, plus punitive damages in an amount to be determined at trial but not less than $500,000 each, together with statutory interest and costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION

(Against Babaev and Yunatanov For Copyright Infringement, Trade Dress Infringement, Misappropriation of Trade Secret and Violations of New York Gen. Business Law § 349, Based on Piercing of the Corporate Veil)

76. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 75 of this complaint with the same force and effect as if set forth fully at length herein.

77. Upon information and belief, at all relevant times, Babaev and Yunatanov were fully aware that Neighborhood Rehabilitation's infringing action as set forth above violated Housing Rehabilitation's copyright and trade dress rights inherent in the Housing Rehabilitation Website.

-13-

78.    Babaev and Yunatanov, as owners and officers of both HCG and Neighborhood Rehabilitation, have the power and authority to halt Neighborhood Rehabilitation's infringing actions, but instead intentionally, deliberately, fraudulently and wrongfully failed to do so. As a result thereof, Babaev and Yunatanov have knowingly, intentionally, deliberately, fraudulently and wrongfully committed copyright infringement and trade dress infringement for their own personal gain.

79.    Similarly, Babaev and Yunatanov have utilized their position of domination within HCG and Neighborhood Rehabilitation to knowingly, intentionally, deliberately, fraudulently and wrongfully cause Neighborhood Rehabilitation to misappropriate the Housing Rehabilitation Trade Secrets and make use of them within Neighborhood Rehabilitation, causing harm to Plaintiffs.

80.    Babaev and Yunatanov also utilized their position within Neighborhood Rehabilitation to knowingly, intentionally, deliberately, fraudulently and wrongfully cause Neighborhood Rehabilitation to take deceptive actions and practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the state of New York in violation of NY GBL § 349, causing harm to Plaintiffs.

81.    By virtue of Babaev and Yunatanov's wrongful conduct related to Neighborhood Rehabilitation's copyright infringement, Neighborhood Rehabilitation's trade dress infringement, Neighborhood Rehabilitation's misappropriation of trade secrets, and Neighborhood Rehabilitation's violations of New York GBL §349, as well as Babaev and Yunatanov's complete domination of Neighborhood Rehabilitation, the veil of the corporate form should be disregarded and pierced and Babaev and Yunatanov should be held directly liable for the conduct of HCG and Neighborhood Rehabilitation.

82.    By virtue of Babaev and Yunatanov's copyright infringement, Plaintiffs are entitled to judgment against Babaev and Yunatanov (a) in an amount to be determined at trial as per Plaintiffs' selection of statutory or actual damages, plus punitive damages in an amount to be determined at trial but not less than $500,000, together with statutory interest and costs and

-14-

disbursements of this action; (b) directing that Babaev, Yunatanov and Neighborhood Rehabilitation be preliminarily and permanently enjoined from further infringing upon Housing Rehabilitation's copyright; and (c) an accounting by Babaev, Yunatanov and Neighborhood Rehabilitation of their activities in connection with their infringement of the copyright in text, contents, display and other materials appearing on the Housing Rehabilitation Website, and Defendants' gross income and profits derived therefrom.

83.     By virtue of Babaev and Yunatanov's trade dress infringement, Plaintiffs are entitled to judgment against Babaev and Yunatanov (a) in an amount to be determined at trial but not less than $1 million, plus punitive damages in an amount to be determined at trial but not less than $500,000, together with statutory interesting costs and disbursements of this action; (b) directing that Defendants be preliminarily and permanently enjoined from further infringing upon the trade dress of the Housing Rehabilitation Website; and (c) an accounting by Babaev, Yunatanov and Neighborhood Rehabilitation of their activities in connection with their infringement of the trade dress of the Housing Rehabilitation Website, and Defendants' gross income and profits derived therefrom.

84.     By virtue of Babaev and Yunatanov's misappropriation of trade secrets, Plaintiffs are entitled to judgment against Babaev and Yunatanov (a) in an amount to be determined at trial, but not less than $1 million each, plus punitive damages in an amount to be determined at trial but not less than $500,000 each, together with statutory interesting costs and disbursements of this action; and (b) directing that Babaev, Yunatanov and Neighborhood Rehabilitation be preliminarily and permanently enjoined from making such further improper use of the Housing Rehabilitation Trade Secrets.

85.     By virtue of Babaev and Yunatanov's violations of New York GBL section 349, Plaintiffs are entitled to judgment against Babaev and Yunatanov (a) in an amount to be determined at trial, but not less than $1 million each, plus punitive damages in an amount to be determined at trial but not less than $500,000 each, together with statutory interesting costs and disbursements of this action; and (b) directing that Babaev, Yunatanov and Neighborhood

-15-

Rehabilitation be preliminarily and permanently enjoined from further wrongful acts and practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the state of New York, relating to Plaintiffs' business.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Against Babaev, Yunatanov and Neighborhood Rehabilitation For An Accounting)

86. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 85 of this complaint with the same force and effect as if set forth fully at length herein.

87. By virtue of Defendants' infringing acts relating to Housing Rehabilitation's valid copyright, and due to Babaev and Yunatanov's wrongful misappropriation of the Housing Rehabilitation Trade Secrets, Housing Rehabilitation seeks, and is entitled to, an accounting by Babaev, Yunatanov and Neighborhood Rehabilitation of their activities in connection with their infringement of the copyright in text, contents, display and of the materials appearing on the Housing Rehabilitation Website, Defendants' gross income and profits derived therefrom, Babaev and Yunatanov's misappropriation of the Housing Rehabilitation Trade Secrets, and Defendants' gross income and profits derived therefrom.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Against Babaev, Yunatanov and Neighborhood Rehabilitation For Disgorgement of Profits)

88. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 87 of this complaint with the same force and effect as if set forth fully at length herein.

89. By virtue of Babaev and Yunatanov's breach of loyalty owed to Housing Rehabilitation, Defendants' violation of New York statutory law, and Defendant's other wrongful conduct, Plaintiff seeks, and is entitled to, a disgorgement of profits accumulated by Babaev, Yunatanov and Neighborhood Rehabilitation in connection with their aforesaid conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek judgment as follows:

1.     On the First Cause of Action, against Babaev, Yunatanov, HCG and
Neighborhood Rehabilitation, (a) in an amount to be determined at trial as per
Housing Rehabilitation' selection of damages, plus punitive damages in an
amount to be determined at trial but not less than $500,000, together with
statutory interest and costs and disbursements of this action; (b) directing that
Defendants be preliminarily and permanently enjoined from further infringing on
Housing Rehabilitation' copyright; and (c) an accounting by Babaev, Yunatanov
and Neighborhood Rehabilitation of their activities in connection with their
infringement of the copyright in text, contents, display and other material
appearing on the Housing Rehabilitation Website, and their gross income and
profits derived therefrom;

2.     On the Second Cause of Action, against Babaev, Yunatanov, HCG and
Neighborhood Rehabilitation, (a) in an amount to be determined at trial but not
less than $1,000,000, plus punitive damages in an amount to be determined at trial
but not less than $500,000, together with statutory interest and costs and
disbursements of this action; (b) directing that Defendants be preliminarily and
permanently enjoined from further infringing upon the trade dress of the Housing
Rehabilitation' Website; and (c) an accounting by Babaev, Yunatanov and
Neighborhood Rehabilitation of their activities in connection with their
infringements of the trade dress of the Housing Rehabilitation Website, and
Defendants' gross income and profits derived therefrom.

3.     On the Third Cause of Action, against Babaev, Yunatanov, HCG and
Neighborhood Rehabilitation, (a) in an amount to be determined at trial, but not
less than $1,000,000, plus punitive damages in an amount to be determined at trial
but not less than $500,000, together with statutory interest and costs and

-17-

disbursements of this action; and (b) directing that Defendants be immediately and permanently enjoined from making such further improper use of the Housing Rehabilitation Trade Secrets.

4.    On the Fourth Cause of Action, against HCG, Babaev, Yunatanov and Neighborhood Rehabilitation, (a) in an amount to be determined at trial, but not less than $1 million each, plus punitive damages in an amount to be determined at trial but not less than $500,000 each, together with statutory interest and costs and disbursements of this action; (b) directing that Defendants be preliminarily and permanently enjoined from further wrongful acts and practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the state of New York, relating to Plaintiffs' business.

5.    On the Fifth Cause of Action, against Babaev and Yunatanov, in an amount to be determined at trial, but not less than $1 million each, plus punitive damages in an amount to be determined at trial but not less than $500,000 each, together with statutory interest and costs and disbursements of this action.

6.    On the Sixth Cause of Action, against Babaev and Yunatanov, (a) in an amount to be determined at trial, but not less than $1 million each, plus punitive damages in an amount to be determined at trial but not less than $500,000 each, together with statutory interesting costs and disbursements of this action; and (b) directing that Babaev, Yunatanov and Neighborhood Rehabilitation be preliminarily and permanently enjoined from further wrongful acts and practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the state of New York, relating to Plaintiff's business.

7.    On the Seventh Cause of Action, against Babaev, Yunatanov and Neighborhood Rehabilitation an accounting by Babaev, Yunatanov and Neighborhood Rehabilitation of their activities in connection with their infringement of the copyright in text, contents, display and of the materials appearing on the Housing

-18-

Rehabilitation Website, Defendants' gross income and profits derived therefrom,

Babaev and Yunatanov's misappropriation of the Housing Rehabilitation Trade

Secrets, and Defendants' gross income and profits derived therefrom.

11.     On the Eighth Cause of Action, against Babaev, Yunatanov and Neighborhood

Rehabilitation, for a disgorgement of profits accumulated as a result of their

wrongful action

12.     awarding Plaintiffs their costs, disbursements and reasonable attorneys' fees

incurred in bringing this action;

13.     awarding Plaintiffs punitive damages to the extent permitted by law; and

14.     awarding Plaintiffs such other and further relief as the Court may deem just and

proper.

Dated: New York, New York
       March 13, 2012

LAW OFFICES OF JOSEPH M. HEPPT

Joseph M. Heppt, Esq.
260 Madison Avenue
New York, New York 10016
(212) 973-0839
*Attorneys for Plaintiffs*

-19-

## VERIFICATION

STATE OF NEW YORK   )
                     ) ss.:
COUNTY OF NEW YORK  )

       AVI ZIKRY, being sworn, states:

       I am, the president and CEO of the plaintiff AJA Consulting Group, LLC in this action. I have read the foregoing Complaint, know its contents and I am acquainted with the facts upon which it is based. The Complaint is true to my knowledge, except as to matters alleged on information and belief, and as to those matters, I believe it to be true.

                                         AVI ZIKRY

Sworn to before me this
13ᵗ day of March, 2012

Notary Public

JOSEPH M. HEPPT, ESQ.
Notary Public State of New York
No. 02HE6032800
Qualified in Nassau County
Commission Expires May 12, 2014